Dear Senator Johnson:
You have requested an Attorney General's opinion on behalf of and concerning the New Orleans Business Industrial District ("NOBID"). The issue presented is whether a meeting of NOBID can be held if the chairman and/or the vice-chairman are not present but a quorum is present in order to conduct business including the election of new officers.
NOBID is established pursuant to LSA-R.S. 33:4701-4708. The officers of NOBID are provided for in Article II of NOBID's by-laws. Article II, § 2 states, in pertinent part, as follows:
 A. The officers shall be elected by a majority vote of the Commissioners of the District for a term of one year. The election shall be held annually during the Regular meeting of the Board of Commissioners in November.
 B. The Chairman shall preside at all meetings of the Commissioners and appoint members of all committees and terminate their membership if the need arises.
 C. The Vice-Chairman shall perform the duties of the Chairman during his absence.
NOBID is mandated with the duty to elect its officers for a term of one year and conduct this election annually during its November meeting. The Chairman serves as the presiding officer over NOBID's meetings, with the Vice Chairman as his replacement in his absence.
However, as stated in Article II, § 1 of the by-laws, the officers of NOBID are "to serve from January 1 through December 31 of each year." Once that term has lapsed, those officers no longer serve in those positions and, consequently, those positions become vacant.
Article II, § 2(F) mandates, "[i]n the event an office becomes vacant, the Commissioners shall elect a successor from its membership at the next regular meeting . . .". Therefore, the Commissioners are mandated to call a meeting for the purpose of electing officers from its members. The fact that both the Chairman and Vice-Chairman are absent from the proceedings should not affect this election since those positions are technically vacant at this time.
While this should alleviate the concerns at issue, I will address the scenario you present with the hypothet that the positions of Chairman or Vice-Chairman are proper and not vacant so that, in the future, should similar concerns arise, you may refer to this opinion.
With both the Chairman and Vice Chairman absent from the proceedings, a situation arises that is not addressed in NOBID's by-laws. Who, if anyone, may serve as presiding officer at a meeting mandated by the by-laws when these two officers are not in attendance?
Article III, § 5 states, "[a]ll meetings will be governed by Roberts Rules of Order." We therefore refer to the 1990 Edition (9th Edition) of the Scott, Foresman Robert's Rules of Order Newly Revised for guidance.
The duties of the presiding officer of an assembly or meeting are outlined in Chapter XV, § 46 of Roberts Rules. If it is necessary for the president to vacate the chair during a meeting or if he is otherwise absent, Roberts Rules provides for temporary occupants of the chair, also in Chapter XV, § 46.
As in the by-laws for NOBID, Roberts Rules provides for the vice-president or in this case, Vice-Chairman to preside in the absence of the Chairman. However, if neither the Chairman or Vice-Chairman are available, the following order controls:
 An appointed chairman pro tem. If the president vacates the chair during a meeting and no vice-president is available, he can, subject to the approval of the assembly, . . ., appoint a temporary chairman who is called the chairman pro tempore, or chairman pro tem. The first adjournment puts an end to this appointment, and the assembly can terminate it even earlier by electing another chairman. . . . The regular presiding officer, knowing that he will be absent from a future meeting, cannot in advance authorize another member to preside in his place.
 An elected chairman pro tem. If neither the president nor any vice-president is present, the secretary — or in the secretary's absence some other member — should call the meeting to order, and the assembly should immediately elect a chairman pro tem to preside during that session. Such office is terminated by the entrance of the president or a vice-president, or by the election of another chairman pro tem. If the assembly is to elect a chairman pro tem to hold office beyond the current session (in the event that the president and the vice-presidents are unable to perform their duties for that length of time), notice must be given at the preceding meeting or in the call of the meeting at which such election is held. Chapter XV, § 46, p. 444, Roberts Rules of Order (1990 Edition).
Therefore, if an appointed chairman pro tem is not properly designated by the chairman, the secretary, or in his absence some other member, may call the meeting to order, and the quorum should then elect a chairman pro tem to preside at that meeting. In this manner, NOBID should be properly able to perform its obligations should the Chairman and/or Vice-Chairman be unavailable to preside at a meeting.
I trust this sufficiently addresses your concerns. If our office may be of further assistance, please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: _____________________________ CARLOS M. FINALET, III Assistant Attorney General
RPI:CMF:glb